# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:08-cv-01200-LDG-LRL |
| v. ) | |
| ) | **O R D E R** |
| GUY W. PARKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is plaintiff's Motion to Compel Answers to Interrogatories (#85). The court has considered the motion, defendant's Opposition (#86), and plaintiff's Reply (#87). For the following reasons, the motion will be granted.

Plaintiff, United States of America, filed its Complaint (#1) to enforce a Final Decision issued by an Air Force Contracting Officer, which required defendant, Guy Parker, to return to the Air Force certain computer hardware he'd taken without authorization from Creech Air Force Base in Nevada. On September 24, 2010, the court entered judgment in favor of the government's first claim and ordered Parker "to turn over to the United States the hardware described in the complaint." Order (#84). Parker did not turn over the hardware, so on November 30, 2010, the government served on Parker by e-mail and regular mail its First Set of Post-Judgment Interrogatories Directed to Defendant. *See* Exh. A to Mot. (#85). The three interrogatories were directed to learning the current location of the hardware, the names and addresses of any and all persons with knowledge of the location of the hardware, and what actions Parker has taken to comply with the court's order to turn over the hardware.

Federal Rule of Civil Procedure 69 provides that a judgment creditor may obtain discovery from any person, including the judgment debtor, in aid of the judgment or execution. Pursuant to Rule 33

a party may serve the opposing party with interrogatories within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." Rule 26(b)(1). When responding, a party must either object or respond to interrogatories within 30 days, unless some other time frame has been ordered by the court or agreed to by the parties. Rule 33(b)(2). "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Rule 33(b)(4). When responding, a party must answer each interrogatory separately, fully, and in writing. Rule 33(b)(3). The requesting party may seek an order compelling discovery if the other party "fails to answer an interrogatory submitted under Rule 33." Rule 37(a)(3)(B)(iii). An evasive or incomplete response must be treated as a failure to respond. Rule 37(a)(4).

While Parker did respond to the Interrogatories on December 2, 2010, his response is equivalent to a failure to respond. Rule 37(a)(4). He neither specifically objected to one or more of the interrogatories, nor did he provide responsive answers. Rather, via email he provided a pdf document titled, STATUS 30NOV2010 Case Closed, containing various statements, none of which indicate the location of the hardware or otherwise meaningfully respond to the interrogatories. Nor does Parker's Opposition (#86) elucidate his position or state a legal argument as to why the court should deny the motion to compel. While some of his statements in the opposition may be responsive to the interrogatories, such statements are not made "under oath," as required by Rule 33(b)(3). The government's interrogatories seek discoverable information, and Parker must provide responsive answers. Parker is admonished that his failure to comply with the court's orders may invite significant sanctions.

Accordingly, and for good cause shown,

. . .

. . .

. . .

2

IT IS ORDERED that plaintiff's Motion to Compel Answers to Interrogatories (#85) is GRANTED. Defendant shall provide responsive answers to plaintiff's interrogatories not later than **April 18, 2011**.

DATED this 8th day of April, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**