# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) 2:08-cv-01200-LDG -VCF |
| v. | ) |
| | ) **O R D E R** |
| GUY W. PARKER, | ) |
| Defendants. | ) |

Before the court is the United States of America's Motion For Order of Civil Contempt and Sanctions. (#91). Defendant Guy W. Parker filed an Opposition (#93), and the government filed a Reply (#94).

Also before the court is the government's Motion for Certification of Facts by Magistrate Judge. (#95). Defendant Parker filed an Opposition (#97), and the government filed a Reply (#98).

**A.   Relevant Facts**

The present action was commenced to enforce a final decision issued by an Air Force Contracting Officer, which required defendant Parker to return to the Air Force certain computer hardware that he had taken without authorization. (#1). The court entered final judgment against defendant Parker on September 24, 2010. (#84). The court ordered defendant Parker to "turn over to the United States the hardware described in the complaint." *Id.* Despite this court's order, Parker failed to turn over the hardware. (#91).

On November 30, 2010, the government served defendant with its first set of post-judgment interrogatories, inquiring as to the location of the computer, the names of the persons who have knowledge of the computer's location, and the actions that defendant has taken to comply with the court's order. *Id.*

1  In response, defendant Parker emailed the government a PDF titled "Status 30Nov2010CaseClosed," that neither responded to the interrogatories nor was verified. (#91). On January 1, 2011, the government filed a motion to compel interrogatory answers (#85). The court granted the motion (#88), and ordered that defendant "shall provide responsive answers to plaintiff's interrogatories not later than April 18, 2011." Further, the court held that "Parker is admonished that his failure to comply with the court's orders may invite significant sanctions." (#88). In response to the court's order, defendant Parker filed his second motion to dismiss for lack of subject matter jurisdiction and to vacate judgment. (#89). The court denied defendant's motion on October 31, 2011. (#96). The court held that the defendant's "position [regarding the lack of subject matter jurisdiction] was rejected by this court twice before the entry of final judgment," and that his other arguments also lack merit. *Id.*

The defendant attached his responses to the interrogatories to the motion to dismiss (#89). Each interrogatory was answered in the following manner: "Outside of statute, rule and jurisdiction. This is not an 28 U.S.C. §3015, and Federal or Nevada rules of Civil Procedure Rule 69 financial question." (#89). Finding that these "answers" were non-responsive and not in compliance with the court's order (#88), the plaintiff filed the present motions (#91 and #95).

**B.  Relevant Law**

Pursuant to Federal Rule of Civil Procedure 33, a party may serve interrogatories on any other party. In responding, each interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If the responding party wishes to object, however, he must state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b)(4). Pursuant to Rule 37(a)(3)(B)(iii), "[a] party seeking discovery may move for an order compelling an answer..." if "a party failed to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). Further, Rule 37(a)(4) states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

2

When a responding party is ordered by the court to answer interrogatories or provide other discovery, and fails to do so, Rule 37(b)(2)(A)(vii) provides that such failure may be "treat[ed] as contempt of court." Fed. R. Civ. P. 37(b)(2)(A)(vii). If a moving party seeks an order of contempt from the court, they have the burden to establish that (1) the respondent violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. *United States v. Bright,* 596 F.3d 683, 694 (9th Cir. 2010). "Instead of or in addition to the [sanctions discussed] above, the court must order the disobedient party...to pay reasonable expenses, including attorney's fees, caused by the failure..." Fed. R. Civ. P. 37(b)(2)(C).

## C. Discussion

Here, the court ordered defendant to respond to the interrogatories. (#88). Defendant did not provide adequate answers to the interrogatories and did not "answer[] each separately and fully." Fed. R. Civ. P. 33(b)(3) and (b)(4). Rather, the plaintiff merely responded by evasively asserting, among other things, that the court lacks jurisdiction. (#89). The court did not permit defendant to object to the interrogatories or to advance any defense theories he has about the action, but ordered him to "provide responsive answers to plaintiff's interrogatories." (#88). Therefore, the court finds that defendant's "evasive [and] incomplete...answer[s]" amount to a "failure to respond." Fed. R. Civ. P. 37(a)(4). Thus, as defendant has failed to comply with the court's order (#88), the court may treat his failure as contempt of court pursuant to Rule 37(b)(2)(A)(vii).

### 1. Sanctions/Contempt

The court put defendant on notice in the order compelling him to answer the interrogatories (#88) that "his failure to comply with the court's orders may invite significant sanctions." Plaintiff asks this court to find defendant in civil contempt and to impose sanctions of $500 a day for each day of non-compliance with the court's order (#88) requiring answers to the interrogatories. (#91). Before finding a party in contempt, the court must evaluate the factors enumerated in *Bright,* 596 F.3d at 694.

1   However, pursuant to 28 U.S.C. §636(e), this court does not have the authority to do so.  Rather, as the
2   parties have not consented to the magistrate judge presiding over all proceedings in this action, only the
3   district judge has the authority to enter a finding of contempt.  *See* 8 U.S.C. §636(c) and (e)(4).  Under
4   §636(e)(6)(B)(iii), if "the act constitutes civil contempt, the magistrate judge shall forthwith certify the
5   facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought
6   into question..., an order requiring such person to appear before a district judge upon a day certain to
7   show cause why that person would not be adjudged in contempt by reason of the facts so certified." 28
8   U.S.C. §636(e)(6)(B)(iii).  Upon such a certification, the "district judge shall thereupon hear the
9   evidence as to the act or conduct complained of, and if it is such as to warrant punishment," the district
10  judge may punish such person. *Id.*

11      In the motion for certification (#95), the plaintiff asks this court to certify the facts and to set a
12  hearing before the district judge.  Further, the plaintiff seeks that this action be assigned to a magistrate
13  judge. (#95).  On October 26, 2011, the present motions were referred to the undersigned magistrate
14  judge, thus mooting plaintiff's second request.  With regards to the first relief sought, this court hereby
15  certifies that the acts as described in this order constituting civil contempt have occurred.  28 U.S.C.
16  §636(e)(6)(B)(iii).  Defendant Parker did not comply with the court's order (#88), and his purported
17  attempt to was insufficient. See *Bright,* at 694*.* Defendant Parker's evasive and non-responsive answers
18  were not made in good faith, because, as the court stated in its latest order (#96), Parker's arguments
19  regarding subject matter jurisdiction had already been rejected by this court twice before entry of final
20  judgment.  Defendant has failed to answer the interrogatories and is attempting to evade having to do
21  so by continuously objecting to this court's subject matter jurisdiction.  Therefore, the defendant is
22  ordered to appear before the district judge at a hearing to show cause as to why he should not be held
23  in contempt.  *See* 28 U.S.C. §636(e)(6)(B)(iii).

24      **2.    Attorney's Fees**
25      Due to defendant's failure to comply, "the court must order [him]...to pay reasonable expenses,

4

including attorney's fees, caused by the failure..." Fed. R. Civ. P. 37(b)(2)(C). The defendant was on notice that "his failure to comply with the court's orders may invite significant sanctions." (#88). The plaintiff submitted to the court the reasonable expenses incurred due to defendant's failure to comply with the court's order. (#91 Exhibits A and B). Counsel for plaintiff spent five hours preparing the motion for sanctions (#91), at an hourly rate of $173.19, totaling $865.45 in attorney's fees. *Id.* Pursuant to Fed. R. Civ. P. 37(b)(2)(C), defendant is hereby required to pay plaintiff's attorney's fees in the amount of $865.45.

Accordingly, and for good cause shown,

IT IS ORDERED that United States of America's Motion For Order of Civil Contempt and Sanctions (#91) is GRANTED in part and DENIED in part, as discussed above. Defendant is required to pay plaintiff's attorney fees in the amount of $865.45.

IT IS FURTHER ORDERED that the United States of America's Motion for Certification of Facts by Magistrate Judge (#95) is GRANTED. The court hereby certifies the facts as discussed above constituting civil contempt have occurred pursuant to 28 U.S.C. §636(e)(6)(B)(iii).

IT IS THEREFORE ORDERED that a hearing is scheduled for December 13, 2011, at 10:00 a.m., before District Judge Lloyd D. George in Courtroom 6B at The Lloyd D. George Courthouse, 333 Las Vegas Blvd South, Las Vegas, NV 89101. The defendant is ordered to show cause at this hearing as to why the court should not find him in civil contempt and impose $500.00 a day until he provides answers to the interrogatories.

DATED this 3rd day of November, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**