1

2          **UNITED STATES DISTRICT COURT**

3            **DISTRICT OF NEVADA**

4                    * * *

UNITED STATES OF AMERICA,          )
5                                  )
              Plaintiff,           )
6                                  )        2:08-cv-01200-LDG -LRL
v.                                 )
7                                  )        **O R D E R**
GUY W. PARKER,                     )
8                                  )
              Defendants.          )
9 _____ )

10         Before the court is the government's Motion For Additional Sanctions For Civil Contempt.

11 (#115).  The court held a hearing on February 13, 2012.  (#117).

12 **Background**

13         The present action was commenced to enforce a final decision issued by an Air Force

14 Contracting Officer, which required defendant Parker to return to the Air Force certain computer

15 hardware that he had taken without authorization.  (#1).  The court entered final judgment against

16 defendant Parker on September 24, 2010.  (#84).  The court ordered defendant Parker to "turn over to

17 the United States the hardware described in the complaint."  *Id.*  Despite this court's order, Parker failed

18 to turn over the hardware.  (#91).

19         On November 30, 2010, the government served defendant with its first set of post-judgment

20 interrogatories, inquiring as to the location of the computer, the names of the persons who have

21 knowledge of the computer's location, and the actions that defendant has taken to comply with the

22 court's order.  *Id.*

23         In response, defendant Parker emailed the government a PDF titled "Status

24 30Nov2010CaseClosed," that neither responded to the interrogatories nor was verified.  (#91).  On

25 January 1, 2011, the government filed a motion to compel interrogatory answers (#85).  The court

26 granted the motion (#88), and ordered that defendant "shall provide responsive answers to plaintiff's

interrogatories not later than April 18, 2011." Further, the court held that "Parker is admonished that his failure to comply with the court's orders may invite significant sanctions." (#88). In response to the court's order, defendant Parker filed his second motion to dismiss for lack of subject matter jurisdiction and to vacate judgment. (#89). The court denied defendant's motion on October 31, 2011. (#96). The court held that the defendant's "position [regarding the lack of subject matter jurisdiction] was rejected by this court twice before the entry of final judgment," and that his other arguments also lack merit. *Id.*

The defendant attached his responses to the interrogatories to the motion to dismiss (#89). Each interrogatory was answered in the following manner: "Outside of statute, rule and jurisdiction. This is not an 28 U.S.C. §3015, and Federal or Nevada rules of Civil Procedure Rule 69 financial question." (#89). Finding that these "answers" were non-responsive and not in compliance with the court's order (#88), the plaintiff filed a motion for sanctions (#91) and a motion to certify facts regarding contempt of court (#95). On November 3, 2011, the court issued on order granting in part and denying in part the government's motion for sanctions. (#101). The court ordered defendant Parker to pay attorneys fees in the amount of $865.45. *Id.* The court also granted the government's motion to certify facts (#95), and, pursuant to 28 U.S.C. §636(e)(6)(B)(iii), certified that "the acts as described in th[e] order constituting civil contempt ha[d] occurred." *Id.* A hearing was scheduled for December 13, 2011, before District Judge Lloyd D. George. *Id.* Defendant Parker was ordered "to show cause at this hearing as to why the court should not find him in civil contempt and impose $500.00 a day until he provides answers to the interrogatories." *Id.*

Defendant Parker failed to appear at the hearing, and the court directed the government to submit to the court a proposed order of civil contempt and sanctions. (#111). The court signed the order of civil contempt on that same day, and ordered defendant Parker to pay a civil fine of "$500 each day from the entry of [the contempt] Order until he purges himself of contempt by providing full and truthful responses to the United States' post-judgment interrogatories." (#112). The court held that

defendant Parker may purge himself at any time by complying with the order by April 8, 2011, and that if defendant Parker fails to purge himself within ten days from the order, the government may seek further sanctions. *Id.*

Defendant Parker has not paid the attorneys fees, answered the interrogatories, or paid the $500 a day civil fine. (#115). On January 5, 2012, the government filed the instant motion for additional sanctions for civil contempt. *Id.* Defendant Parker did not file an opposition, but instead filed a document titled "Notice of Adjudication of Facts 28 U.S.C. § 1491(a)(2) Jurisdiction requires dismiss and void. No 28 U.S.C. § 1345 Jurisdiction. No 120 Day Summons Served. No Time Extension To Serve," which does not contain any arguments relating to the government's request for additional sanctions. (#116).

The court held a hearing on February 13, 2012, at 10:30 a.m. in Courtroom 3D, but defendant Parker failed to appear. (#117). Prior to the hearing, the courtroom deputy called defendant Parker at the number listed on the docket sheet to inquire as to his appearance, but the number was disconnected. The courtroom deputy also e-mailed defendant Parker at the e-mail address listed on the docket sheet, but defendant Parker did not respond.

**Motion For Additional Sanctions For Civil Contempt**

Since the imposition of civil contempt fines has failed to coerce defendant Parker to comply with the court's orders, the government asks this court to impose the sanction of incarceration upon defendant Parker until he purges himself of civil contempt. (#115). During the hearing, the government requested that this court certify that acts constituting civil contempt have occurred pursuant to 28 U.S.C. §636(e)(6)(B)(iii).

If a moving party seeks an order of contempt from the court, they have the burden to establish that (1) the respondent violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. *United States v. Bright,* 596 F.3d 683, 694 (9th Cir. 2010). As the court stated in its previous order (#101),

3

1   under §636(e)(6)(B)(iii), if "the act constitutes civil contempt, the magistrate judge shall forthwith

2   certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior

3   is brought into question..., an order requiring such person to appear before a district judge upon a day

4   certain to show cause why that person would not be adjudged in contempt by reason of the facts so

5   certified." 28 U.S.C. §636(e)(6)(B)(iii). Upon such a certification, the "district judge shall thereupon

6   hear the evidence as to the act or conduct complained of, and if it is such as to warrant punishment,"

7   the district judge may punish such person. *Id.*

8          The court hereby certifies that the acts as described in this order constituting civil contempt have

9   occurred.  28 U.S.C. §636(e)(6)(B)(iii).  In addition to defendant Parker's previous act constituting

10  contempt, defendant Parker has not complied with the court's order awarding attorney fees (#101), did

11  not appear at the show cause hearing (#111), has not complied with the court's order requiring him to

12  pay $500 a day (#112), and has failed to purge himself within ten days from the court's contempt order

13  (#112). See *Bright*, at 694.  Defendant Parker has made no attempt to comply with the court's orders,

14  and defendant Parker's non-responsive notice (#116) was not made in good faith, because it contains

15  the same arguments regarding subject matter jurisdiction that the court already rejected and other

16  unintelligible arguments that are not related to the interrogatories, the court's contempt order, or the

17  government's request for additional sanctions.  *Id.*  Therefore, the defendant is ordered to appear before

18  the district judge at a hearing to show cause as to why the court should not impose additional sanctions.

19         It is clear to the court, as demonstrated by defendant Parker's failure to appear at the scheduled

20  hearing and continuous failure to comply with the court's orders, that the present civil contempt

21  sanctions are not sufficiently coercive.  See *International Union, United Mine Workers of America v.*

22  *Bagwell*, 512 U.S. 821, 827 (1994)(holding that "civil contempt sanctions, or those penalties designed

23  to compel future compliance with a court order, are considered to be coercive and avoidable through

24  obedience...").  Thus, this court recommends that the district judge impose sanctions in the form of

25  incarceration, whereby the defendant may purge himself by complying with the court's orders and

26

4

providing answers to the interrogatories.  See *Bright,* 596 F.3d at 696 (holding that "[g]iven the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order.")  The Supreme Court has held that the courts have the power "to impose conditional imprisonment for the purpose of compelling a person to obey a valid order," and that "[s]uch coercion, where the defendant carries the keys to freedom in his willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees."  *Uphaus v.Wyman*, 360 U.S. 72, 81 (1959)(quoting *Green v. United States,* 356 U.S. 165, 197 (1958)).

Since the civil contempt sanction of $500 a day imposed by the court (#112) is not coercive, this court recommends that the district judge end the civil contempt sanction as of the date of this court's hearing, February 13, 2012.  *See International Union, United Mine Workers of America*, 512 U.S. at 827-828 (holding that criminal contempt is punitive and civil contempt should be coercive).  This court also recommends that the district judge enter judgment against the defendant in the amount of $31,500 (sanctions incurred from December 12, 2011, through February 13, 2012, at the rate of $500 per day), plus the attorneys fees already imposed by the court (#101) in the amount of $865.45, for a total judgment of $32,365.45.  Pursuant to Fed. R. Civ. P. 54(b), this court recommends entry of final judgment in this amount only and the express determination that there is no just reason for delay. Defendant Parker has continued to violate the court's orders, and there is no reason to further delay the government's ability to collect on this judgment.  *See* Fed. R. Civ. P. 54(b).

Accordingly, and for good cause shown,

IT IS ORDERED that the government's oral request for certification is GRANTED.  The court hereby certifies the acts as discussed above constituting civil contempt have occurred pursuant to 28 U.S.C. §363(e)(6)(B)(iii), and recommends that the district judge impose the additional sanction of incarceration and enter final judgment against defendant Parker in the amount of $32,365.45.

1    IT IS THEREFORE ORDERED that a hearing is scheduled for **Thursday, February 23, 2012**
2    **at 11:00 a.m.** before District Judge Lloyd D. George in Courtroom 6B at The Lloyd D. George
3    Courthouse, 333 Las Vegas Blvd South, Las Vegas, NV 89101.  The defendant is ordered to show cause
4    at this hearing as to why the court should not further find him in civil contempt and impose the
5    additional sanction of incarceration until he answers the government's interrogatories.
6    DATED this 15th day of February 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**